FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF VIRGINIA
401 E. MARKET STREET, SUITE 106
CHARLOTTESVILLE, VIRGINIA 22902
(434) 220-3380
FAX: (434) 220-3390

Erin Trodden
Assistant Federal Public Defender
(434) 220-3396 (Direct)

Mary E. Maguire
Federal Public Defender
(540) 777-0895

January 21, 2025

**VIA ECF**

Honorable Nwamaka Anowi
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, VA 23219

    Re:    *United States v. Melissa Barrett*,
              No. 24-6293

Dear Ms. Anowi:

      Pursuant to Rule 28(j), I write to bring to the Court's attention the Seventh Circuit's opinion in *United States v. Koglin*, 822 F.3d 984 (7th Cir. 2016).

      In *Koglin*, the defendant sought a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. At his initial sentencing, he had a base offense level of 32 under § 2D1.1 and received a 2-level reduction under § 2D1.1(a)(5), because he qualified for a mitigating role adjustment under § 3B1.2 and had an offense level of at least 32. The district court determined that he was ineligible for a sentence reduction because Amendment 782 did not ultimately reduce his base offense level; its application was cancelled out by his resulting ineligibility for the 2-level reduction under § 2D1.1(a)(5).

      On appeal, the defendant made the same argument the government advances in this case, Br. Opp. at 9-12: the phrase in § 1B1.10(b)(1), "leave other guideline application decisions unaffected," means that the court "should look only at the change effected by" the retroactive amendment "and ignore any potential interaction

between the amendment and other parts of the guidelines." *Koglin*, 822 F.3d at 986.

The Seventh Circuit rejected this argument and affirmed the district court, noting, "The phrase 'leave other guideline application decisions unaffected' simply instructs the court to apply only the amendments listed in § 1B1.10(d) and avoid relitigating factual findings made in the original sentencing decision. The policy statement does *not* instruct the court to ignore the effect of the amended guideline on other guideline provisions that, in combination, produced the defendant's sentencing range." *Id*. The same logic applies here. Section 1B1.10 does not require courts to apply Amendment 821 only to a defendant's criminal history, while ignoring any other impacts on a defendant's sentencing range.

Sincerely,

Erin Trodden
Assistant Federal Public Defender